**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL O. BISCHOFF; LORETTA
BISCHOFF; BISCHOFF ENTERPRISES, a
Wyoming Partnership,

     Plaintiffs-Appellants,

v.

DAVE MYERS, in his official capacity as
District Ranger, United States Forest Service,
Big Horn National Forest; DANIEL R.
GLICKMAN, in his official capacity as
Secretary, United States Department of
Agriculture; MICHAEL J. DOMBECK, in his
official capacity as Chief Forester, United
States Forest Service; ELIZABETH A. ESTILL,
in her official capacity as Regional Forester,
United States Forest Service, Rocky Mountain
Region; ABIGAIL R. KIMBELL, in her official
capacity as Supervisor, United States Forest
Service, Big Horn National Forest,

     Defendants-Appellees.

No. 99-8056
(D.C. No. 97-CV-253-B)
(Wyoming)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR**, Chief Judge, **EBEL** and **HENRY,** Circuit Judges.

---

Michael Bischoff, Loretta Bischoff, and Bischoff Enterprises (the Bischoffs) brought this action seeking judicial review of a decision by the United States Forest Service denying their request that they be reissued grazing permits for national forest lands. They sought declaratory and injunctive relief to compel the Forest Service to issue the permits. The district court granted defendants' motion to dismiss. *See Bischoff v. Glickman*, 54 F. Supp. 2d 1226 (D. Wyo. 1999). The Bischoffs appeal and we affirm.

The Bischoffs claim the Forest Service violated the Administrative Procedure Act (APA), denied them procedural due process, and was estopped from denying their permits. In a thorough opinion, the district court held that the Bischoffs' administrative claims were not judicially reviewable because the issuance of grazing permits is wholly committed to agency discretion, and that the Bischoffs lacked standing because the injury alleged could not be redressed by the remedies requested. Alternatively addressing the merits, the court concluded that the Bischoffs had no property interest subject to constitutional protection, and that they had failed to plead facts sufficient to establish estoppel against the government.

The facts underlying this action are set out in detail in the district court

opinion and we discuss them only briefly here. The Forest Service requires the holders of grazing permits on Forest Service allotments to own the associated base property and the livestock grazing on the allotment, and it bars the subleasing of grazing privileges. When land subject to grazing permits is sold, the buyer of the livestock and base property may obtain a permit to graze on the allotment if the seller surrenders the permit to the Forest Service in favor of the buyer. The proceeding at bar arose from such a land transaction that fell apart.

The Bischoffs owned a ranch and held Forest Service grazing permits authorizing them to graze livestock on an allotment. They wanted to sell the ranch, which included the base property for the permits, to a corporate buyer. As part of the transaction, they discussed with the Forest Service the effect of the transaction on the grazing leases. The Forest Service told them that the buyer could not graze livestock on the allotment unless it had its own permit, and that to qualify for a permit the buyer had to own livestock and base property. The Forest Service also told them that they could waive their permits back to the government in favor of the buyer in connection with the sale of the base property.

The Bischoffs executed warranty deeds to the buyer of a portion of the base property and executed waivers of the grazing permits to the government in favor of the buyer. These waivers stipulated that the Bischoffs would not at any future time apply for a renewal of the permit surrendered. The waivers included a

condition that livestock or ranch property purchased from the Bischoffs in connection with the issuance of a permit to the buyer could not revest with the Bischoffs within a two-year period, and provided that revestment within that time would subject the permit to cancellation. The Forest Service thereafter issued the buyer a new permit with its own ten-year term.

The buyer defaulted on a payment and ultimately quitclaimed the base property back to the Bischoffs, who requested that the Forest Service reissue the grazing permits to them. Although events after this point are disputed, in the end the Forest Service refused to reissue the permits to the Bischoffs and determined that the buyer remained the permittee. The Forest Service then canceled the buyer's permit on the grounds that it no longer owned the base property and that the property had improperly reverted to the original permittee within two years, contrary to the express condition in the waiver. The Forest Service refused to issue new permits to the Bischoffs based on its determination that no new permits would be issued for the season.

As we have mentioned, the district court held, *inter alia*, that the Bischoffs lacked standing to bring this action, pointing out that the injury they allege, the loss of their grazing leases, is not redressable in court because a court may not order the agency to perform what is a purely discretionary act. *See Bischoff*, 54 F. Supp. 2d at 1230. This conclusion is required by our decision in *Baca v. King*, 92

F.3d 1031, 1035-37 (10th Cir. 1996) (plaintiff lacked standing because court could not order government to renew grazing lease). *See also Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1198-99 (10th Cir. 1999) (whether to issue a grazing permit is a matter completely within the discretion of the Secretary of the Department of the Interior).

Because we agree with the district court that the Bischoff's lacked standing to bring this action, we need not reach the other issues decided by the district court decided. We **AFFIRM** the judgment of the district court dismissing the action.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge